[Civ. No. 1340. First Appellate District.—April 22, 1914.]

## MORTON GAS ENGINE COMPANY, Respondent, v. THE CALIFORNIA SEEDED RAISIN COMPANY, Appellant.

EXECUTION—MOTION TO SET ASIDE SALE—ATTACK UPON JUDGMENT.—A judgment against a corporation, which is alleged to have been obtained through the collusion of the president of the company with the plaintiff in the action, and which at most is only voidable, cannot be attacked in proceedings to set aside the execution sale.

ID.—MOTION TO SET ASIDE EXECUTION—GROUNDS UPON WHICH MAY BE BASED—VOIDABLE JUDGMENT.—Upon a motion to set aside an execution, the voidable judgment upon which the execution has been issued cannot be assailed; for the law has provided a number of specific and appropriate remedies against voidable judgments of which this is not one, and has also provided that the grounds upon which executions issued upon voidable judgments and sales thereunder may be attacked, are those infirmities which arise after the judgment and out of the issuance of the writ and its attempted enforcement.

ID.—PETITION TO SET ASIDE EXECUTION SALES—SUFFICIENCY OF ALLEGATIONS.—A petition for an order to set aside certain execution sales, which makes no specific attack upon the regularity in form of the several writs but avers generally and upon information and belief that the sales made thereunder "were not made or held pursuant to any of the provisions of section 694 of the Code of Civil Procedure," states a mere conclusion of the pleader, and is insufficient to put in issue any specific infirmity in the writ itself or in the procedure attending its execution and the sales thereunder.

ID.—PURCHASER AT EXECUTION SALES—PRESIDENT OF DEFENDANT CORPORATION.—An allegation in such petition that the president of the defendant corporation purchased the properties at such execution sales, does not warrant the setting aside of the sales.

APPEAL from an order of the Superior Court of Fresno County sustaining a demurrer. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

L. L. Cory, for Appellant.

F. C. Huebner, for Respondent.

RICHARDS, J.—This is an appeal from an order sustaining respondent's demurrer to a petition of the appellants for an order setting aside certain sales of personal property under several executions.

The facts as disclosed by the petition are briefly these: In March, 1910, the Morton Gas Engine Company commenced this action against the California Seeded Raisin Company, a corporation, to recover a debt amounting to $384.25. The summons was regularly issued and served upon Newton B. Converse, the president of the defendant corporation. It is averred that Converse was acting in collusion with the plaintiff in respect to said action, in pursuance of which he not only permitted a judgment by default to be entered against the defendant, but also concealed the fact of the institution and pendency of the action from the knowledge of his fellow officials until some time after the entry of such judgment. It is further averred that an execution was issued upon such judgment, and levied upon certain specific personal property of the defendant, which was of the alleged value of one thousand two hundred dollars, and which property was thereafter sold under such execution to the plaintiff for the sum of one hundred dollars, who immediately transferred the same to said Converse for a like sum; that said Converse also purchased from the plaintiff the deficiency judgment, and proceeded to have the two other executions successively issued thereon and levied upon other personal property of the appellant, which property was also sold at successive execution sales, and bought in either by said Converse or by some person acting for him, at sums very much below the real value of the property. It is averred that Converse acted fraudulently throughout these several proceedings, and that they are therefore void, and that he and his successors in the apparent ownership of these several pieces of personal property hold the same as trustees for appellant.

The prayer of the petition is that all of the acts and things done by said Converse in the course of these proceedings be held to be fraudulent and void, and that said sales and each of them be set aside, and that the petitioner have general relief.

To this petition filed in the original action, and being in effect a motion to quash these executions and set aside the

sales thereunder, a demurrer was presented, and, after hearing, sustained by the trial court; and from the order sustaining such demurrer this appeal has been taken.

The first question raised upon the appeal is whether the judgment alleged to have been procured through the collusion of Converse, the president of the defendant corporation, can be assailed in this form of proceeding. It is not contended that the judgment is other than a voidable judgment; and it affirmatively appears from the petition that the other officials of the corporation became apprised of its existence and of the facts which would have entitled them to have sought relief from it in some proper proceeding, within a short time after its entry. The rule would seem to be well settled that upon a motion to set aside an execution, the voidable judgment upon which the execution has been issued cannot be assailed; and this for the reason that the law has provided a number of specific and appropriate remedies against voidable judgments of which this is not one; and has also provided that the grounds upon which executions issued upon voidable judgments and sales thereunder may be attacked, are those infirmities which arise after the judgment and out of the issuance of the writ and its attempted enforcement. (Freeman on Executions, 3d ed., secs. 305–9.)

The judgment being thus beyond assault in this proceeding, we turn to the petition to see on what grounds the executions issued upon it were assailed. The petitioner makes no specific attack upon the regularity in form of the several writs; but avers generally and upon information and belief that the sales made thereunder "were not made or held pursuant to any of the provisions of section 694 of the Code of Civil Procedure."

This must be held to be a mere conclusion of the pleader; and hence an insufficient averment to put in issue any specific infirmity in the writ itself or in the procedure attending its execution, and the sales thereunder. The only specific charge which the pleader makes is to be found in averments showing that Newton B. Converse, either directly or indirectly, became the purchaser of the several items of personal property in question at such execution sales, and for sums much below the real value of such property; but since the regularity of these sales has not been sufficiently attacked we can see no

reason in law why Newton B. Converse, even though he was president of the defendant corporation, could not be a bidder for and a purchaser of its property at such regularly conducted sales, however far the sum bid might be below the real value of the property. What relation of trust such a purchaser would occupy toward the defendant corporation in respect to the property so purchased is another question; but it would seem to require no citation of authorities to sustain a holding that this latter question is one which cannot be presented upon a motion to set aside executions and sales not otherwise shown to be irregular, but only in an appropriate proceeding in equity to establish and enforce the trust.

The order is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 22, 1914, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 19, 1914.