[Civil No. 3465.   Filed December 31, 1934.]

[39 Pac. (2d) 639.]

HATTIE L. MOSHER, Appellant, v. CLAUDE DYE and C. CLAUDE DYE, Executor of the Estate of JAMES F. DYE, Deceased, Appellee.

Mr. John W. Ray, for Appellant.

Messrs. Kibbey, Bennett, Gust, Smith & Rosenfeld, for Appellee.

LOCKWOOD, J.—Hattie L. Mosher, hereinafter called defendant, was the owner of lots 1, 2 and 3 in block 1 of the Lount tract in Churchill addition to the city of Phoenix. She borrowed from J. F. Dye and Claude Dye the sum of $60,000, and gave them as security therefor a mortgage on lots 1 and 2 and the S. ½ of lot 3 above described. The taxes accruing on the mortgaged premises were not paid, and they were offered for sale at a delinquent tax sale and bought in by Claude Dye, representing himself and also James F. Dye, as executor of the estate of the latter, who had died, the provisions of the mortgage containing the usual clause authorizing the mortgagee to thus protect his interest. Lot 3, above described, was assessed to defendant as a single lot and not in separate parcels as the north and south half thereof, and, in order to protect his mortgage on the south half of the lot, plaintiff was compelled to pay the taxes on the entire lot. Section 3115, Rev. Code 1928; *Moore* v. *Missouri State Life Ins. Co.,* 43 Ariz. 337, 31 Pac. (2d) 99. Thereafter this foreclosure was brought, and defendant appeared and answered, setting up in substance the purchase of the property in question at the tax sale by Claude Dye, and alleging that the effect of such purchase was to extinguish the mortgage; Dye's only interest thereafter being his tax title subject to the statutory redemption from

such sale. There was a second mortgage also involved in the proceedings, but we think it unnecessary to discuss it, as the appeal should be determined on matters which it does not affect.

The matter came on for hearing before the court without a jury, defendant appearing by John W. Ray, her counsel, and it was ordered that upon the presentation of a formal written judgment by the plaintiff, and its approval and signing by the court, the judgment would be rendered in favor of the plaintiff and against the defendant. Thereafter such a written judgment was prepared and submitted to the court after service upon defendant, Mosher, and she presented certain objections thereto, none of which affected matters raised by this appeal. No minute entry appears in the record showing when the judgment was actually rendered, but in the written judgment, signed by the trial judge, he states that he rendered it April 27, 1932, and we must assume he stated the truth. *Funk* v. *Fillman, ante,* p. 263, 36 Pac. (2d) 574. It is true the filing mark thereon shows the written judgment was not filed until June 21st, but at the time the judgment states it was rendered the uniform rules of the superior court were not yet in force, so the failure to file the written judgment simultaneously with its rendition did not make it void.

Execution was issued strictly in accordance with the terms of the judgment, and a sale was made thereunder by parcels at the request of defendant. The return of the execution was made the 26th day of July, 1932. Thereafter and on January 21, 1933, defendant appeared and moved to set aside the sale made under the judgment and to correct the return of the sheriff for three reasons: First, that the sale was made to include the amount of taxes paid by Dye on the north half of lot 3, which was not included in

the mortgage; second, that Dye had previously bought the property at a tax sale for taxes due thereon, and thereby had waived the lien of his mortgage; and, third, that the return of the sheriff shows that he not only sold the property for a sum sufficient to include the amount of taxes already paid by Dye on the north half of lot 3, but also paid out of the proceeds of the execution sale the accruing taxes on such north half.

The court denied the motion to quash the return of the sheriff on the special execution, and defendant stated in her notice of appeal that it was "from the order of the court denying her motion to quash the return of the sheriff on the special execution," and also that she would "question any and all orders and judgments herein, appearing on the record as may be permissible." While the notice of appeal states specifically that it is taken "from the order denying the motion to quash the return of the sheriff," the ruling of the court appealed from is apparently an order denying the motion of the defendant to set aside the sale and correct the return of the sheriff. It will be noted that the motion of defendant did not include a request that the judgment itself should be vacated for any reason whatever. Such a request could at that time only be made on the ground of lack of jurisdiction or fraud. *Bell* v. *Bell, ante,* p. 520, 39 Pac. (2d) 629, just decided; *Vasquez* v. *Dreyfus,* 34 Ariz. 184, 269 Pac. 80. The only relief asked for was the setting aside of the sale and to correct the return of the sheriff. We think that on such a motion and the state of the record we must assume that the judgment itself was correct in all particulars; the objection being only that the sale and return did not follow the provisions of the judgment. *Williams* v. *Bennett,* 75 Ark. 312, 88 S. W. 600, 112 Am. St. Rep. 57; *Morton Gas Engine Co.* v. *California Seeded*

*Raisin Co.*, 24 Cal. App. 362, 141 Pac. 392. We have carefully examined both the sheriff's return and the judgment on which the sale was based and compared the two, and it appears to us therefrom that the sale was made in strict conformity with the judgment rendered and that the return of the sheriff shows that he did follow the judgment. The principal proposition of law argued by defendant could properly have been urged on a motion to vacate the judgment made within the six months allowed by section 3859, Revised Code of 1928, but cannot be considered in this appeal. *Bell* v. *Bell, supra.* Such being the case, the court properly denied the motion to vacate the sale and correct the return.

The order of the superior court of Maricopa county is affirmed.

ROSS, C. J., and McALISTER, J., concur.