## HULIN v. BUTTE COUNTY *et al.*

The act approved March 5, 1897 (Rev. Pol. Code, § 2191), providing that all taxes assessed on personal property in the state shall be a first lien on all personal property of the person against whom the personal taxes are assessed from and after December first in each year, is not retrospective.

(Opinion filed August 31, 1904.)

Appeal from circuit court, Butte county; Hon. LEVI MCGEE, Judge.

Action by Sarah J. Hulin against Butte county and another. From an order granting an injunction, defendants appeal. Affirmed.

*T. W. LaFleiche*, State's Atty., and *O. E. Farnham*, for appellants.

*John R. Wilson,* for respondent.

FULLER, J.  In the month of May, 1901, the plaintiff bought 25 horses of August Eberhardt, and now brings this action to enjoin the defendant sheriff from selling. such property in satisfaction of the personal property taxes of her vendor, due the county of Butte and delinquent since 1895 and prior thereto.

The only question for determination on this appeal from an order overruling a demurrer to the complaint is whether the following statutory enactment approved March 5, 1897, should be given retrospective effect:    "All taxes assessed upon personal property within this state shall be a first lien on all personal property of the person against whom personal taxes are assessed, from and after December first in each year."  Section 2191, Rev. Pol. Code.  According to a rule of almost universal application, legislative enactments will not be construed to operate retrospectively unless such an intention is expressly declared, or appears by necessary implication so clearly that no reasonable doubt exists concerning the subject.    A statute that would operate upon the past, and make stale personal property taxes, assessed anywhere in the state, a first lien on all personal property of the person against whom the assessment was levied, would be odious in its nature, and most likely to render every business transaction involving such property exceedingly hazardous.  Had it been the intention of the Legislature to have the foregoing statute operate retrospectively, its design would have been expressed by the use of apt words, such as "All taxes heretofore assessed or which may be hereafter assessed upon personal property, are hereby declared to

be a first lien on all personal property, * * *" and in the absence of such language or its equivalent, the provision has no application to antecedent assessments.

The order appealed from is therefore affirmed.