[Civil No. 1672.   Filed November 13, 1919.]

[185 Pac. 128.]

SAM F. WEBB, as Treasurer and Ex-officio Tax Collector of Maricopa County, Appellant, v. PHOENIX TITLE & TRUST COMPANY, a Corporation, Trustee, Appellee.

1. TAXATION—ASSESSMENT OF CONTIGUOUS LOTS AT SEPARATE VALUATION NOT INVALIDATING LIEN.—That assessor marked each of two contiguous lots at a separate valuation, while Civil Code of Arizona of 1913, paragraph 4868, provides for including two or more contiguous town lots at a joint valuation would not invalidate tax lien, in view of paragraph 4933, as to irregularities, omissions or defects not invalidating tax-roll and proceeding leading up to entry.

2. TAXATION—REDEMPTION FROM DELINQUENT TAX OF ONE OF TWO LOTS ASSESSED TOGETHER.—Where two contiguous lots owned by one person were listed, placed on the assessment-roll, returned delinquent, and placed on the back tax books as one item, a subsequent purchaser of one lot cannot compel tax collector to accept one-half of the amount of delinquent tax, penalties and costs in full payment of taxes on lot purchased, in view of Civil Code of Arizona of 1913, paragraphs 4845, 4868, 4915, 4947, and paragraphs 4912, 4914, as amended by Laws of 1915 (2d Sp. Sess.), chapter 9, sections 3, 5.

3. TAXATION—TAX COLLECTOR CANNOT COMPROMISE TAXES.—The board of supervisors may, when the conditions presented in Civil Code of Arizona of 1913, paragraph 4922, warrant, compromise taxes, but the tax collector cannot make such compromise in view of paragraphs 4904, 4926.

4. TAXATION—PAYMENT OF TAXES ON "LEAST SUBDIVISION."—Where two contiguous lots owned by one person were listed, placed on the assessment-roll, returned delinquent, and placed on the back tax books as one item, the two lots were the "least subdivision," within Civil Code of Arizona of 1913, paragraph 4904, prohibiting

county treasurer from receiving any taxes on real estate for any
portion less than the least subdivision entered opposite the name of
a person on description on the assessment-roll.

APPEAL from a judgment of the Superior Court of the
County of Maricopa. F. H. Lyman, Judge. Reversed and
remanded, with instructions.

### STATEMENT OF FACTS BY THE COURT.

Action by the appellee as the owner of lot 15, block 3, Bella
Vista place, to compel the appellant tax collector to accept
one-half of the amount of the delinquent taxes, penalties, and
costs constituting a lien on lots 14 and 15 of said block 3 for
the taxes assessed against said lots as one item as the taxes
payable thereon for the year 1915, assessed as the property
of Murphy & Irwin as the owner of said two lots. The valu-
ation placed in the assessment against the two lots jointly is
$600. The assessor marked each of said lots on his map that
paragraph 4876, Revised Statutes of Arizona of 1913, re-
quires him to keep, the figure, viz., 300, and he testified that
he thereby indicated a valuation of each lot at $300 for taxa-
tion for that year. Other oral evidence was received at the
trial, tending to prove without contradiction that the two lots
are of equal value. The whole sum of taxes, costs and penal-
ties aggregated $18.31 on the twenty-first day of January,
1918. The plaintiff became the owner of lot 15 of said block
3 on the twelfth day of March, 1917, and on said twenty-first
day of January, 1918, it offered and tendered to the defend-
ant tax collector "the sum of $10, and demanded of the de-
fendant a receipt for the same, showing the payment of said
taxes and interest, penalties and costs for such delinquency
separately chargeable against said lot 15, and that the de-
fendant thereupon refused to accept said tender, and to give
plaintiff such or any receipt therefor, and refused to accept
from plaintiff any part of the said taxes and delinquent penal-
ties and costs unless the plaintiff would pay to defendant the
whole thereof, to wit, the sum of $18.31."

The plaintiff prays for an order of the court commanding
the defendant to accept the $10 tendered and in full payment
of the proportion of the taxes due for the year 1915, which
is separately chargeable against said lot 15, or show cause why
he refuses.

The defendant filed his demurrer and answer presenting issues of law. The facts as above indicated appearing, the court entered an order, requiring and commanding the tax collector to accept said tender and issue his certificate of redemption or receipt. From such judgment the defendant appeals.

Mr. Wiley E. Jones, Attorney General, Mr. L. B. Whitney, Mr. F. J. K. McBride, Mr. Clyde M. Gandy, and Mr. Alexander B. Baker, Assistant Attorneys General, and Mr. L. M. Laney, County Attorney, for Appellant.

Messrs. Kibbey, Bennett & Jenckes, for Appellee.

CUNNINGHAM, C. J. (After Stating the Facts as Above). The appellant assigns as error: First, the order overruling his general demurrer to the sufficiency of the complaint to state a cause of action; second, because the judgment is contrary to law in the particular that the law (paragraph 4868, Rev. Stats. Ariz. 1913) provides for the item of real property assessed to include two or more contiguous town lots at a joint valuation, and because the judgment is contrary to the evidence.

The assessment item in question had reached the stage of delinquency, its return as such, and was duly carried to the "back tax book" before the appellee became the purchaser of said lot 15. From all that appears in the record, the item on the "back tax book" is identical with the same item on the assessment-roll for the year 1915 as to the name of the owner, the description of the property, and the valuation placed on such item. In other words, the back taxes appearing due upon the delinquent real estate, said lots 14 and 15, upon a valuation of $600 for the taxes for 1915, were duly extended in the "back tax book" made under chapter 7, title 49, Revised Statutes of Arizona, paragraph 4927, Id.—at least we presume the county treasurer performed his duty under paragraph 4927.

Consequently, we are interested only in the questions involved in redeeming such delinquent real estate from the lien accompanying such property while on the said back tax book.

Any irregularities, omissions or mere defects that may have adhered to the assessment or became attached to the item at

any time prior to the transfer of the item to the delinquent list and its entry on the back tax list book do not invalidate any such assessment tax-roll and proceeding leading up to the entry. Paragraph 4933, Id.

Paragraph 4845, Id., declares the tax lien as follows:

"Every tax levied under the provisions or authority of this act upon any real or personal property is hereby made a lien upon the property assessed, which lien shall attach on the first Monday in January in each year and shall not be satisfied or removed until such taxes, penalty, charges, and interest are all paid, or the property has absolutely vested in a purchaser under a sale for taxes. Said lien shall be prior and superior to all other liens and incumbrances upon the said property."

Paragraph 4915, Id., declares as follows:

"The taxes due and unpaid on any real estate which has heretofore been returned delinquent and which has not been forfeited to the state . . . shall be deemed and held to be back taxes, and the lien heretofore created in favor of the . . . state of Arizona [paragraph 4845, *supra*] is hereby retained on each such tract and lot of real estate to the amount of the taxes due thereon and also the interest and costs accruing under this act."

Hence the lien on this item of assessment—that is, the lien on lots 14 and 15 of block 3 assessed to Murphy and Irwin at a valuation of $600—"shall not be satisfied or removed until such taxes, penalty, charges, and interest are *all* paid," or a sale for taxes had and title under the sale has absolutely vested. The lien was not satisfied nor removed when the tax was returned delinquent, and became known as "back taxes," but, on the other hand, such lien was expressly continued "on each . . . tract and lot of real estate to the amount of the taxes due thereon, and also the interest and costs accruing" under the act for the collection of delinquent taxes.

The question here is, In what manner can the tax lien on the item of assessment be satisfied and removed from said lot 15, and said lot be relieved from the tax lien for the taxes due on it and on said lot 14, as described in the original assessment and thereafter carried to the "back tax book"?

The tax lien is, without any doubt, coextensive with the real estate assessed to one owner. Each separate or separable portion of real estate may be sold in a proper proceed-

ing for the taxes due upon the whole assessment of real estate and personal property combined. Paragraph 4847, Rev. Stats. Ariz. 1913. No dispute can properly arise on that proposition. The dispute arises whenever the subsequent purchaser of a part of the real estate described in an assessment—the purchase being made after the taxes have become delinquent—seeks to pay a portion of the delinquent taxes, interest, penalty, charges and costs proportionately chargeable on the land purchased, the amount of which is determined from a valuation placed upon such purchased land by some authority other than the tax assessor at the time he valued the whole tract, lot, or parcel of land for the purpose of the assessment in question.

The question is not answered by attacking the original assessment upon the grounds that the assessment fails to properly describe and separately value each town lot, because "two or more contiguous lots, parcels or tracts of land, or two or more contiguous patented mines owned by the same person or corporation may be jointly assessed and one valuation fixed for the two or more lots, parcels, or tracts of land, or for the two or more patented mining claims, without placing a separate value on each parcel, or tract of land, or upon each patented mining claim."

The assessment is therefore not open to a charge of error, defect or irregularity in the matters of description and joint valuation; the lots are contiguous, they were owned at the time of the assessment by the same owner, and they were treated on the assessment-roll, the levy, and valuation as one item.

The two lots were listed, placed on the assessment-roll, and returned delinquent as one item; they were placed on the "back tax book" as one item; in fact, we presume that the board of supervisors would have corrected any defects, omissions and irregularities at a proper time and prior to the date upon which the treasurer finally received the "back tax book" for the purpose of collecting the taxes set out in the same, as required by paragraph 4914 as amended by chapter 9, section 3, Laws of 1915 (2d Sp. Sess.), page 102.

Paragraph 4912, as amended, section 5 of chapter 9, Laws of 1915, Second Special Session, reads as follows:

"On the last day of December and the last day of June of each year, the board of supervisors shall examine and com-

pare the delinquent list; and if any property be incorrectly
described the said board shall correct such error by the best
means in their power and cause the delinquent list so cor-
rected to be certified to by the chairman of the board.''

Chapter 4916, Revised Statutes of Arizona of 1913, requires
the county treasurer to make the back tax book for the year
''from the delinquent list, and uncollected taxes in the 'back
tax book' or books, provided for in'' paragraphs 4908 and
4941, ''setting forth name of the owner, the year assessed
and the description, the valuation, and the amount of the
taxes originally due, set forth in appropriate columns as
was set forth in the original roll, together with appropriate
columns for interest, fees, and such other charges as may be.
provided by law. . . .  The sum total of taxes originally due
as shown in said 'back tax book' must agree with the amount
of the sums total shown by the several delinquent lists as
corrected by the board of supervisors and such amount or
total sum shall be debited at the end or close of such 'back
tax book' against the county treasurer.''

The county treasurer, therefore, is absolutely required to
collect the back taxes as shown on the back tax book.  He
has no authority to change the assessment list, and the back
tax book is made from the lists and assessment-rolls.  After
a tax is delinquent no duty or authority required of or given
to the county treasurer and tax collector will justify his chan-
ging the assessment.  The tax due on the assessment which
is delinquent is first examined by the board of supervisors,
and corrected if not already correct, and the tax is charged
against the collector.  If the property assessed is not cor-
rectly described, or if any error is made to appear, the board
of supervisors may at the proper time correct the error, but
the tax collector is given no such authority.

The board of supervisors may, when the conditions pre-
scribed in paragraph 4922, Revised Statutes of Arizona of
1913, warrant, compromise the taxes with the owners of the
land or town lot, ''and upon payment to the county treasurer
of the amount agreed upon, a certificate of redemption shall
be issued under the seal of the county board of supervisors,
which shall have the effect to release said lands from the lien
of the state and all taxes due thereon as charged on said 'back
tax book,' and in case said board shall compromise and accept
a less amount than shall appear to be due on any tract of

land or town lot as charged in said 'back tax book,'" the amount received in payment is distributed as specified.

Paragraph 4926, Id.:

"The county treasurer shall make diligent endeavor to collect all taxes upon said 'back tax book,' and whenever he finds that any taxes therein have been paid, he shall report that fact . . . and he shall also report to the said board all cases of double assessment or other errors, and thereupon said board shall cause the necessary action to be taken and entries to be made."

Hence the law has not cast upon the tax collector the authority to change the entries carrying the tax lien in any tax-roll or back tax record. The extent of his duty is reached whenever he reports to the board of supervisors a case wherein entries on his tax books may or justly should be changed. The board of supervisors have the exclusive authority to change the entries on the tax book. The treasurer and *ex-officio* tax collector is given no such power—in fact, the law seems to prohibit that officer from exercising any such power. All the taxes appearing on the back tax book are charged against him, and he makes entries on that record at his peril.

The county treasurer is expressly prohibited by paragraph 4904, Revised Statutes of Arizona of 1913, from receiving "any taxes on real estate for any portion less than the least subdivision entered opposite the name of the person or description on the assessment-roll." The least subdivision entered on the assessment-roll, and from thence carried to the back tax book, is "lots 15 and 14 in block 3," etc., Bella Vista place. The meaning of paragraph 4904, Revised Statutes of Arizona of 1913, as quoted above, was construed, in *Territory v. Copper Queen Consol. Min. Co.*, 13 Ariz. 198, reading page 213, 108 Pac. 960, 966, as prohibiting the tax collector from receiving the tax upon less than 65 mining claims, "that being the least subdivision appearing on the assessment-roll. ... . The undisputed testimony discloses that these claims were noncontiguous, in instances which would have invalidated an original assessment, except for the return"—that is, the tax list returned to the tax assessor by the taxpayer.

The judgment of the trial court commanding and requiring the appellant county treasurer and *ex-officio* tax collector of Maricopa county to receive $10 offered in payment of the taxes, interest, penalties, charges and costs proportionately

chargeable against lot 15 of block 3, Bella Vista place, in the circumstances shown in the complaint and in the evidence, is error, thereby requiring the said 'officer to perform an act which was unauthorized by law, unless the board of supervisors had first ordered such item on the tax-roll and on the back tax book so changed as to show a separate valuation on each lot.

The complaint, in the absence of an allegation showing that the board of supervisors had changed the item on the tax records so that lot 15 is valued as a separate item and is relieved of the tax lien on it and lot 14 jointly, fails to state a cause of action against the tax collector justifying the relief prayed, and the evidence supporting such fact is absent from the record.

The judgment is reversed and the cause remanded, with instructions to sustain the demurrer for failure to state facts necessary to constitute a cause of action, and to take such further action in the premises as the law requires in such cases. The other questions need no discussion.

ROSS and BAKER, JJ., concur.