[Civil No. 3329.   Filed January 15, 1934.]

[28 Pac. (2d) 821.]

MARICOPA COUNTY, STATE OF ARIZONA, Appellant, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, a Corporation, Appellee.

Mr. Renz L. Jennings, County Attorney, and Mr. M. L. Ollerton, Assistant County Attorney, for Appellant.

Messrs. Marks & Marks, for Appellee.

Messrs. Kibbey, Bennett, Gust, Smith & Rosenfeld, *Amici Curiae*.

ROSS, C. J.—The question involved in this case is whether a personal property tax lien accruing after a mortgage lien has attached to realty is, under the statutes, prior and superior to mortgage lien. It arises out of the following state of facts:

On January 28, 1927, McArthur Brothers' Mercantile Company, owners of lot 47, Country Club Place in Maricopa county, executed a mortgage thereon to secure its note for $5,000, payable five years from date, to Dwight B. Heard Investment Company. On February 24, 1927, the payee sold and assigned note and mortgage to plaintiff, the Equitable Life Assurance Society of the United States, which, as owner thereof, brought this suit to recover on the note and to foreclose the mortgage, making parties E. M. Rider, assignee of McArthur Brothers' Mercantile

Company, and Maricopa county, alleging that the county was claiming a lien on the premises for personal property taxes of the mercantile company for the years 1929 and 1930. The defendant county answered that it claimed a lien on premises for such taxes for the year 1929 in the sum of $5,211.77, and for the year 1930 in the sum of $441.78, and asking that its lien for said two years' taxes be decreed to be superior to the plaintiff's mortgage lien.

The court held that the mortgage lien was prior and superior to the county's tax liens and directed that the county treasurer accept from the plaintiff the taxes assessed against premises for said years as and for all taxes, interest, and penalties thereon. The county has appealed, claiming that the tax laws of the state make the personal property taxes of the owner of real property a first lien on his realty, even as against a pre-existing, valid mortgage.

As to the taxes levied on the mercantile company's personal property for the year 1929, we think our decision in *Walker* v. *Nogales Building & Loan Assn.*, 28 Ariz. 484, 237 Pac. 1094, is decisive. In that case we held that section 4845, Revised Statutes of 1913 (Civil Code), and related provisions did not give to the tax lien for personal property precedence over a pre-existing mortgage, but that such lien was subordinate to the mortgage lien. If we adhere to the construction of the statutes given in that case, and we see no reason why we should not, the court was clearly right in holding that the county's lien for the year 1929 was inferior to the plaintiff's mortgage. lien, because the controlling statutes were the same when the assessment for 1929 was made as when the assessments were made in the Walker case.

The taxes for 1930 are in a different situation because when they were assessed and levied the law had been changed or modified. In the 1928 revision of the laws, sections 4845 and 4903, Revised Stat-

utes of 1913 (Civil Code), were consolidated and revised to read:

"§ 3101. *Lien for taxes; liability of property; homesteads excepted.* Every tax levied under the authority of this chapter upon real or personal property shall be a lien upon all of the property assessed in the name of the particular taxpayer owning or controlling the same. The lien shall attach on the first Monday in January in each year, and shall not be satisfied or removed until such taxes, penalties, charges and interest are all paid, or the property has finally vested in a purchaser under a sale for taxes. The lien shall be prior and superior to all other liens and encumbrances upon all of the property contained in the assessment. Any and all of the property shall be liable for the whole of the tax, and a judgment against real property for nonpayment of taxes thereon or on the personal property of the same person, shall not be avoided by showing that the owner thereof was possessed of personal property out of which the taxes could have been made; but real estate occupied as a homestead shall not be charged for taxes other than the taxes due on such homestead."

These revised laws went into effect July 1, 1929, and necessarily control taxes levied for 1930.

The state's right to burden the taxpayer's real property with taxes assessed and levied on his personal property may not be questioned, although, in the absence of legislation imposing that burden, the rule is that property should be liable only for taxes levied and assessed against it. Every taxpayer knows that the state not only may, but will, require each and every piece of property to pay its equal proportion of taxes for the protection it receives from the government, and that, if the law so provides, one kind or class of property may be made responsible for taxes levied and assessed against another kind or class of property. Whatever the rule is at the time one contracts with reference to property, it

enters into, and becomes a part of, his contract. *Edwards* v. *Kearzey,* 96 U. S. 595, 24 L. Ed. 793. If he takes a mortgage on realty, and at the time he does so the law makes the taxes assessed against personalty a lien on the owner's realty, he cannot complain if his security is lessened or weakened thereby; but, if when he takes his mortgage the law gives it precedence over the lien of the owner's personal property taxes thereafter accruing, any attempt of the state to change the rule by making the lien for personal property taxes superior to his mortgage lien not only impairs his contract, but exhibits on the part of the state a course of deception and bad faith that should not be tolerated. Now, when the plaintiff's mortgage was given, it was, under the law, a prior and superior lien against the property mortgaged as to all taxes, except taxes assessed or that might be assessed, against it. The statutory lien for personal property taxes of the owner thereafter accruing were subordinate to it. *Walker* v. *Nogales Building & Loan Assn., supra.*

While the language of section 3101, *supra,* seems to bear the construction contended for by the defendant county, it ought not to be given that construction if it is susceptible of any other fair and reasonable interpretation. The rule is that, if a statute is susceptible of two or more interpretations, it will be given the one that is not obnoxious to the Constitution, on the theory that the legislature could not have intended to enact an illegal statute. If section 3101 be given a prospective effect, it is unobjectionable. Contractual or other liens on realty made or created after July 1, 1929, on realty will and should be subordinated to personal property tax liens thereon, and those made or contracted before that date will be preserved unimpaired by the legislation. While that section is a general statute and, given its broadest meaning, would place mortgages ante-

dating it in the same category as those taken subsequently with full knowledge, we think, if that was the intention of the legislature, it should have specifically so said. 61 C. J. 926, section 1178, after stating that the intention of the legislature should control as to priority of liens for taxes over other liens when positive and plain, adds:

"Statutes making tax liens paramount, in the absence of apt words expressing such intention, will not be construed retrospectively."

In *Hulin* v. *Butte County,* 18 S. D. 339, 100 N. W. 739, the court said in substance: If the legislature had designed that the statute in question should be retrospective, it should have used some such language as this:

" 'All taxes heretofore assessed or which may be hereafter assessed upon personal property are hereby declared to be a first lien on all personal property, . . . ' and, in the absence of such language or its equivalent, the provision has no application to antecedent assessments."

In *Finn* v. *Haynes,* 37 Mich. 63, the court had before it a question very similar to ours, and it was there said:

"It is true the language is general, but it is still subject to the rule of interpretation which imputes an intention against retrospective action unless the terms clearly indicate an intention in favor of it. Cooley on Const. Lim. 370, and cases; *Harrison* v. *Metz,* 17 Mich. 377; *Clark* v. *Hall,* 19 Mich. 356; *Smith* v. *Humphrey, Auditor General,* 20 Mich. 398. And surely, before venturing to assume the existence of any such purpose, it would be necessary to find the will of the legislature very distinctly expressed in favor of making new tax levies have preference over lawful securities given before the statute. The provision, then, giving superiority to the tax process over 'liens, mortgages, conveyances and incumbrances' cannot be held to apply to 'liens, mortgages,

conveyances or incumbrances' created before the act of 1875 was passed.''

In *Scottish American Mortgage Co.* v. *Minidoka County,* 47 Idaho 33, 272 Pac. 498, 65 A. L. R. 663, is found a very elaborate and competent exposition of statutes providing for tax liens, and the court there says: .

''The great majority of courts considering similar statutes have held that no intent to provide that property upon which contract liens exist can be taken, to the impairment of such liens, for the payment of taxes assessed upon other and different property, can be ascribed to the Legislature, and many of them have expressed doubts as to the power of the state to so interfere with the right of contract of the owner of the property.''

This court then quotes from other cases statements confirmatory of its reasoning and conclusion, some of which are as follows:

''To declare that a mortgage on land shall be subsequent and subject to all after taxes assessed upon the personal estate of the owner of the equity of redemption, differs but slightly from taking the property of one citizen to pay the debt of another. The injustice of such a proceeding would be so striking as to cast a doubt upon the correctness of the interpretation which established such a rule.'' *State (Macknet, Prosecutor)* v. *Mayor etc. of City of Newark,* 42 N. J. L. 38.

''If this statute must receive the broad construction thus placed upon it by appellant's counsel, it is, to say the least, the most harsh and drastic statute upon the subject which has come to our knowledge. Giving the statute such construction, it authorizes and requires the taking of the property of one citizen to pay the debt of another. Not only this, but it renders possible the complete wiping out and destroying of contract rights. Such a statute, if thus construed, would be abhorrent to natural justice. Before such a construction can be placed upon the statute, the legislative intent that it should receive

such construction should be clear and unquestionable. Whether such a statute would be within the legitimate exercise of legislative power we are not required to determine in this case, as we are agreed that the construction given the statute by appellant's counsel is not sound, and that as we construe it the same is not vulnerable to any attack upon constitutional grounds or otherwise." *Advance Thresher Co.* v. *Beck*, 21 N. D. 55, 128 N. W. 315, Ann. Cas. 1913B 517.

"We simply hold that, where the language is not direct, positive, and specific, it cannot be held to create a lien on land for taxes which is superior to antecedent incumbrances. Such a construction would unjustly destroy the security; it would annul the most solemn contracts; it would take one man's property to pay another man's debt, for the citizen who *takes the incumbrance antecedent to the levy acquires a vested interest in the property, which can only be taken away from him by the exercise of* some power which has been directly conferred by a legislative act." *Gifford* v. *Callaway*, 8 Colo. App. 359, 46 Pac. 626.

These comments are typical of what many other courts have said.

We do not discuss or pass upon the constitutionality of section 3101 if construed as giving precedence to the personal property tax lien over mortgages antedating its enactment, preferring rather to base our conclusion upon the interpretation that the legislature intended it to be prospective.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.