[Civil No. 3376.  Filed April 2, 1934.]

[31 Pac. (2d) 99.]

HARRY M. MOORE, as Treasurer of Maricopa County, Arizona, Appellant, v. MISSOURI STATE LIFE INSURANCE COMPANY, a Corporation, Appellee.

Mr. Renz L. Jennings, County Attorney, and Mr. M. L. Ollerton, Deputy County Attorney, for Appellant.

Messrs. Frazier & Perry, for Appellee.

LOCKWOOD, J.—This is an appeal by Harry M. Moore, as treasurer of Maricopa county, Arizona, from a judgment of the superior court of that county commanding him to accept the taxes upon certain real estate tendered him by Missouri State Life Insurance Company, a corporation, hereinafter called plaintiff. There is no dispute as to the facts, and the only question before us is one of law.

Briefly stated, the facts are as follows: On November 1, 1929, Lazelle E. Wood and Ethel R. Wood, his wife, executed in favor of plaintiff a mortgage on the lands described in the complaint, being then the owners thereof. During the year 1932, and while the mortgage was still a lien on the premises, a tax was levied by the state of Arizona and the county of Maricopa against said premises, and for the same year a tax on certain personal property was assessed against the Woods. On the 28th day of December, 1932, neither the real nor personal property taxes above referred to having been paid, the plaintiff tendered to defendant one-half of the taxes assessed upon the real estate, plus the interest and penalties, and demanded that he accept said amount and issue to plaintiff a receipt therefor. Defendant refused to accept the taxes as tendered and issue a receipt, claiming that the tax on the personal property of the Woods was a lien upon the real estate in question, and that he was not authorized or required by law to accept the taxes levied upon the real estate, without the personal property taxes also being paid.

The question before us then may be stated as follows: Is the county treasurer required to accept from a real property mortgagee the tax upon the real property described in the mortgage, without being tendered at the same time any personal property

tax which may have been levied against the owner of the real property?

Section 3101, Revised Code of 1928, which was the law applicable to the situation at the time the mortgage in question was executed, reads as follows:

"§ 3101. *Lien for taxes; liability of property; homesteads excepted.* Every tax levied under the authority of this chapter upon real or personal property shall be a lien upon all of the property assessed in the name of the particular taxpayer owning or controlling the same. The lien shall attach on the first Monday in January in each year, and shall not be satisfied or removed until such taxes, penalties, charges and interest are all paid, or the property has finally vested in a purchaser under a sale for taxes. The lien shall be prior and superior to all other liens and encumbrances upon all of the property contained in the assessment. Any and all of the property shall be liable for the whole of the tax, and a judgment against real property for non-payment of taxes thereon or on the personal property of . the same person, shall not be avoided by showing that the owner thereof was possessed of personal property out of which the taxes could have been made; but real estate occupied as a homestead shall not be charged for taxes other than the taxes due on such homestead."

We had this section under consideration in the case of *Maricopa County* v. *Equitable Life Assurance Society,* 42 Ariz. 569, 28 Pac. (2d) 821, and held that, so far as mortgages executed after July 1, 1929, are concerned, their lien was subsequent, not only to that of the tax levied directly on the real estate, but also to that of the personal property tax assessed to the owner of the mortgaged premises, but that the statute was not retroactive and did not affect the priority of mortgages executed before July 1, 1929, so far as the personal property tax lien was concerned. Since the mortgage involved in the present

case was executed on November 1, 1929, its lien was inferior to the lien of the county for personal property taxes assessed to the Woods, and attaching, by virtue of the statute, to the premises in question. The only limitation upon the duty of the county treasurer to accept taxes when tendered him is found in section 3115 of the Revised Code of 1928, which reads as follows:

"§ 3115. *Tax may not be paid in part; payment by part owner; lien for contribution.* The county treasurer shall not accept any taxes on real estate for any portion less than the least subdivision entered opposite the name of the person or description on the assessment roll. Where, however, a tract of land is assessed in entirety to one or more persons, and a part of the land belongs to a person not appearing on the assessment roll, such person may pay his proportion of the whole tax, and the county treasurer shall receive said tax, giving to the person paying the same a receipt showing what part of the said tax was so paid. A part owner who pays the tax on the whole tract of which he is a part owner shall have a lien on the share of the other part owner for his portion of the tax paid, with interest thereon, and the collection of which he may enforce like any other lien."

In the absence of this section, we think it would be the duty of the county treasurer to accept any taxes tendered him in any amount, giving a receipt therefor, but the acceptance of such amount, unless it was the full sum which was a lien against the property in question, would not, of course, discharge the lien, which would still be an encumbrance upon the property. The only limitation established by section 3115 is that the treasurer shall not accept any taxes on real estate for any portion less than the least subdivision entered opposite the name of the person or description on the assessment-roll. This limitation covers only "taxes on real estate."

The personal property tax under discussion is not a "tax on real estate," but upon personal property only, although the statute authorizes its collection by making it a lien upon the real estate of the owner. We think, however, that section 3115, *supra,* does not apply to personal property taxes, and that, notwithstanding its provisions, it is the duty of the county treasurer to accept the taxes assessed against any subdivision of real estate properly entered on the assessment-roll, regardless of whether there is at the same time a tender made of the personal property tax assessed to the owner of the real property. The receipt, however, which is required to be given the taxpayer under the provision of section 3114, should show the facts of the case, and the entry upon the roll, described therein, should also indicate what tax it is that is paid, so that it will appear to anyone examining the records that the personal property tax is still a lien upon the real estate. This will enable the holder of the mortgage to pay the tax against the realty only, if he may so desire, at any time, but the rights of the state and county will be fully protected, for the lien for the personal property tax still remains against the property, and can be only discharged by the payment of the tax, either by the owner or by the mortgagee.

For the foregoing reasons, the judgment of the superior court of Maricopa county is affirmed.

ROSS, C. J., and McALISTER, J., concur.