401 P.2d 749

James G. DAVIS, Jr., and Joellen Davis, husband and wife, Appellants,

v.

STATE of Arizona, County of Pinal, Wyly Parsons, as Assessor of Pinal County, Alice M. Diffin, as Treasurer of Pinal County, Appellees.*

No. 2 CA–CIV 38.

Court of Appeals of Arizona.

May 12, 1965.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7673. The matter was referred to this Court pursuant to § 12–120.23 A.R.S.

E. D. McBryde, Pinal County Atty., Florence, for appellees.

HATHAWAY, Judge.

This is an appeal from a judgment entered for the defendants in the Superior Court, Pinal County, after the trial court granted defendants' motion to dismiss the plaintiffs' complaint for failure to state a claim. Plaintiffs, husband and wife, instituted a lawsuit for the purpose of quieting their title to a parcel of realty and to enjoin the issuance of a tax deed to the State of Arizona for said parcel. The complaint named the State of Arizona, County of Pinal, Pinal County Treasurer and Pinal County Assessor as defendants. In lieu of a responsive pleading, defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted. The parties agreed that the matter be submitted to the court with supporting memoranda and without oral argument. They further stipulated that if the motion was granted, judgment was to be entered for the defendants; if the motion was denied judgment was to be entered for the plaintiffs. However, each party reserved the right to appeal from any judgment entered or from any appealable interlocutory orders.

The facts which gave rise to this lawsuit are as follows: On January 1, 1954, one Thompson and his wife owned real property situated in Pinal County which is the subject of this litigation. At that time, Thompson was a member of a partnership doing business in Pinal County as Valley Tractor & Implement Co. The partnership owned certain personal property located within said County. The County Assessor assessed to Thompson the aforementioned realty together with the improvements and furniture for the year 1954 and the taxes resulting from this assessment were paid in full. The partnership personalty was assessed for the year 1954 to Thompson and his partner but the resulting taxes were never paid.

In November, 1954, Thompson and his wife entered into a contract to sell to the plaintiffs the aforementioned realty. The

Tom Fulbright, Florence, and Perry & Perry, by Allan K. Perry, Phoenix, for appellants.

contract was subsequently recorded on December 17, 1954, in the Pinal County Recorder's office. In accordance with the terms of the contract a warranty deed was delivered to the plaintiffs and recorded on March 2, 1955. The realty taxes for 1955 on the subject property were paid by the plaintiffs, but the tax receipt made no reference to any outstanding tax liens against the realty.

On November 10, 1955, the County Treasurer, acting in her capacity as ex-officio tax collector, offered the plaintiffs' real property for sale at public auction to collect the delinquent taxes for 1954 assessed against the personal property of the partnership in which Thompson was a partner. No one offered to purchase the realty and the property was struck off to the State of Arizona, in accordance with A.R.S. § 42–390, subsec. A, and a certificate of purchase was issued. Plaintiffs recorded a declaration of homestead on said property on December 14, 1959.

Appellants, the plaintiffs below, contend that their complaint stated a claim upon which relief could be granted for the following reasons:

a) The County Treasurer was under a mandatory duty to endorse upon plaintiffs' receipt for payment of the realty taxes a notation as to other tax liens against the realty.

b) The County Treasurer had no authority to sell plaintiffs' home to satisfy delinquent taxes on the partnership personalty.

c) Tax assessment laws must be construed strictly against the taxing authorities and in favor of the homeowner.

Appellants claim that their property cannot be sold because the County Treasurer failed to endorse upon their receipt for payment of realty taxes a notice as to other liens. To support their position, appellants quote the following statement

from Moore v. Missouri State Life Ins. Co., 43 Ariz. 337, 31 P.2d 99 (1934):

"The receipt, however, which is required to be given the taxpayer under the provision of section 3114,[1] should show the facts of the case, and the entry upon the roll, described therein, should also indicate what tax it is that is paid, so that it will appear to any one examining the records that the personal property tax is still a lien upon the real estate." 43 Ariz. at p. 341, 31 P.2d at p. 100.

Apart from the fact that the above statement is mere dictum, we do not agree with the appellants' interpretation. The Moore case, supra, involved the question of whether the County Treasurer was required to accept payment from a mortgagee of the taxes due on the mortgaged realty without tender of the unpaid personalty taxes. In holding that the Treasurer had a duty to accept the real estate tax tendered, the court went on to reiterate the requirements imposed by statute, i. e., the tax receipt should show the facts, namely, amount and date of payment, the property assessed and the year of assessment. Further, the tax roll should be marked "paid" only as to the property for which the tax was assessed, so that the records in the Treasurer's office would properly reflect the fact that an unpaid lien existed against the realty.

A.R.S. § 42–344 [2] provides:

"When a tax is paid to the county treasurer he shall mark the word 'paid' and the date of payment on the roll opposite the name of the person or description of the property liable for the tax and shall give a receipt therefor stating the amount of the assessment, the amount of tax, the amount paid, the date of payment, a description of the property assessed with sufficient certainty to identify it, and the year for which the tax was assessed."

It can readily be seen from a reading of this statute that appellants' argument is

---

1. This section of R.C.1928 is basically the same as A.R.S. § 42–344.

2. This section of the Arizona Revised Statutes corresponds to § 73–705 of the 1939 Code.

without merit. There is no affirmative duty imposed on the Treasurer to list other tax liens on a tax receipt. Furthermore, appellants can make no claim of reliance on a tax receipt issued to them after they had already purchased the property.

Appellants contend that the County Treasurer has no authority to sell their realty to satisfy delinquent taxes on the partnership personalty. We do not agree. A.R.S. § 42–312 states:

"A. Every tax levied upon real or personal property shall be a lien upon the property assessed.

"B. The lien shall attach on the first Monday in January each year, and shall not be satisfied or removed until the taxes, penalties, charges and interest are paid or the property has finally vested in a purchaser under a sale for taxes. The lien shall be prior and superior to all other liens and encumbrances upon the property, except liens or encumbrances held by the state.

"C. *Personal property shall be liable for taxes levied on real property, and real property shall be liable for taxes levied on personal property,* and a judgment against real property for nonpayment of taxes thereon or assessed to the personal property of the same person, shall not be prevented by a showing that the owner thereof was possessed of personal property from which the taxes could have been made, but real property occupied as a homestead shall not be charged for taxes other than taxes due on the homestead." (Emphasis supplied)

All of the real property owned by a taxpayer in a county except his homestead, is liable for the tax on all of his personal property in the county and the lien for such personal property taxes attaches to each and every parcel of such real property. Maricopa County v. Arizona Tractor &

Equipment Co., 56 Ariz. 518, 523, 109 P.2d 618 (1941). Property set aside as a homestead after the lien for unpaid personal property taxes had attached to the realty is subject to such tax lien. Gietz v. Webster, 46 Ariz. 261, 270, 50 P.2d 573 (1935).

Let us consider the application of A.R.S. § 42–312 to the sequence of events prior to the litigation herein involved. In 1954 the personal property of the partnership was assessed to the individual partners, one of whom was Thompson. By force of this statute, on the first Monday in January in 1954, a tax lien attached to the partnership personal property and additionally to the realty which Thompson subsequently conveyed to appellants. A lien is a charge on the property, City of Long Beach v. Aistrup, 164 Cal.App.2d 41, 330 P.2d 282, 289 (1958), and gives a right to resort to the property for payment of the tax debt. Anson v. Ellison, 104 Utah 576, 140 P.2d 653, 656 (1943). Taxes assessed against the personal property of a partnership also become a lien upon the real estate of each member of the partnership. Bibbins v. Clark, 90 Iowa 230, 57 N.W. 884, 885, 59 N.W. 290 (1894); Hanson v. Franklin, 19 N.D. 259, 123 N.W. 386, 389 (1909); Thompson v. Board of Sup'rs of Fresno County, 13 Cal.App.2d 134, 56 P.2d 571, 573 (1936). The only question raised by the appellants is the validity of the lien against the partner's realty for partnership personalty taxes. We hold such lien to be valid. However, since the issue has not been raised, we decline to consider whether a lien can be asserted only in proportion to the partner's interest in the partnership property.

The transfer of the real property to the appellants subsequent to the attachment of the lien did not defeat the tax lien in spite of the fact the tax lien was for taxes on property other than the real property sold. Webb v. Phoenix Title & Trust Co., 20 Ariz. 580, 583, 185 P. 128 (1919). The tax lien is not discharged until payment of the tax or a tax sale of the property. A.R.S. § 42–312, subsec. B, supra; Packard Contracting Co. v. Roberts, 70 Ariz. 411,

**268**

416, 222 P.2d 791 (1950); Linville v. Cheney, 60 Ariz. 325, 329, 137 P.2d 395 (1943).

■ There being no evidence to the contrary, the validity of the tax sale is presumed as the general rule of evidence that a public officer is presumed to do his duty is applicable to establish the regularity of proceedings in connection with the sale. Consolidated Motors, Inc. v. Skousen, 56 Ariz. 481, 489, 109 P.2d 41, 132 A.L.R. 1040 (1941), certiorari denied 62 S.Ct. 64, 314 U.S. 631, 86 L.Ed. 507.

■ A purchaser is charged with such knowledge as a proper examination of the record would reveal even though he does not in fact examine the record. Horney v. Buffenbarger, 169 Kan. 342, 219 P.2d 345, 349 (1950). It is unfortunate that appellants neither conducted a title search nor required title insurance in connection with their purchase, as either would probably have protected them. Having failed to protect themselves or to make proper investigation of the state of the title, they can now hardly be heard to complain.

■ Appellants urge upon this court the general proposition that taxation statutes should be strictly construed in favor of the taxpayer. However, the Legislature has plenary power over the subject of taxation and may provide for tax liens. State of Arizona v. Martin, 59 Ariz. 438, 444, 130 P.2d 48 (1942); Ingraham v. Forman, 49 Ariz. 29, 32, 63 P.2d 998 (1937). Further, it may charge one class of property of an owner for taxes assessed against another class of property of the same owner and may make such taxes a lien thereon. Home Owners' Loan Corp. v. City of Phoenix, 51 Ariz. 455, 458, 77 P.2d 818 (1938); Maricopa Co. v. Equitable Life Assur. Soc., 42 Ariz. 569, 572, 28 P.2d 821 (1934).

■ The facts alleged in the complaint filed below are accepted as true when attacked by a motion to dismiss for failure

to state a claim upon which relief can be granted. Arizona Tax Commission v. Dairy & Consumers Cooperative Ass'n, 70 Ariz. 7, 14, 215 P.2d 235 (1950); Roberts v. Spray, 71 Ariz. 60, 65, 223 P.2d 808 (1950). This court on appeal must consider all such allegations as true, for purposes of testing the propriety of the order granting the motion to dismiss. Eastman v. Southworth, 87 Ariz. 394, 398, 351 P.2d 992 (1960); Lietz v. Primock, 84 Ariz. 273, 275, 327 P.2d 288, 67 A.L.R.2d 1262 (1958). We hold that no claim was stated upon which relief could be granted and therefore the trial court correctly granted the motion to dismiss.

Judgment affirmed.

KRUCKER, C. J., and MOLLOY, J., concur.