528 P.2d 1276

**Rex R. WAITE and Delores A. Waite, husband and wife, Appellants,**

v.

**OLD TUCSON DEVELOPMENT CO., an Arizona corporation, and Old Tucson Corporation, a Delaware corporation, Appellees.**

**No. 2 CA–CIV 1696.**

Court of Appeals of Arizona, Division 2.

Dec. 12, 1974.

Rehearing Denied Jan. 20, 1975.

Review Denied Feb. 18, 1975.

**518**

Herbert E. Williams, Tucson, for appellants.

Bilby, Thompson, Shoenhair & Warnock, P. C., by Lawrence M. Hecker, Jr., Tucson, for appellees.

## OPINION

HATHAWAY, Chief Judge.

Did the trial court err in dismissing appellants' complaint for failure to state a claim for relief? That is the sole issue to be resolved on this appeal.

Appellants (plaintiffs below) filed suit against appellees (defendants below) alleging in substance that they were the owners of 1,626 shares of common stock in Old Tucson Development Company; that Old Tucson Development Company, an Arizona corporation, had entered into a written agreement whereby it proposed to merge with Old Tucson Corporation, a Delaware corporation; that a notice of the annual stockholders' meeting had been mailed to them by Old Tucson Development Company, which stated if persons like the plaintiffs objected to said merger they could receive cash for their shares in the manner provided on Page 10 of the notice [1]; that plaintiffs had given defendants written notice of their objections to said merger on January 4, 1974, the date of the stockholders' meeting and that the defendants refused to purchase their shares of stock; and that the sum offered other stockholders was not a fair or sufficient amount.

The complaint further alleged that the plaintiffs had a statutory right to receive cash for their shares of stock and asked the court to fix the value of their stock and order the defendants to purchase same.

The statutory right to receive payment for shares of stock, adverted to by plaintiffs, is set forth in A.R.S. § 10–347:

"A. Any shareholder of the corporations consolidating who votes to reject

---

1. Appended to the complaint as an exhibit thereto was a photocopy of a part of the notice concerning the "rights" of dissenting shareholders. The pertinent part thereof recited:

"Any shareholder of the company who votes to reject the agreement of merger and who does not agree to the manner of converting shares of One ($1.00) Dollar par value common stock of Old Tucson, Arizona into common stock of Old Tucson, Delaware in accordance with the provisions of the agreement, is entitled to receive in cash the fair value of his stock, based upon its pro rata share of the fair value of the net assets of the corporation as of the date of the meeting.

In order to perfect his right to receive cash, a dissenting shareholder is required to give written notice of dissent to the manner of conversion to the President, Secretary or statutory agent of the corporation not later than two days after the shareholders' meeting, or he may commence an action in the Superior Court of Pima County, Arizona, to fix the value of his shares not later than thirty (30) days after the shareholders' meeting. Unless such action is taken by an objecting shareholder, he is deemed to have consented to such method of conversion.

The company interprets these provisions to mean that unless a shareholder votes against the proposed agreement of merger, he will have waived such appraisal rights as he may be entitled to. Further, unless written notice of objection to the method of conversion is received by the company within two days of the shareholders' meeting, or unless an action is filed in the Superior Court of Pima County, Arizona within thirty (30) days after the meeting, such shareholder has waived his rights to the payment in cash for his shares in lieu of conversion."

the agreement, and who does not consent to the agreed manner of converting the shares of stock, shall be paid in cash the fair value of his stock, based on its pro rata share of the fair value of the net assets of the corporation of which he is a shareholder as of the time of the consolidation meeting. In the event of disagreement, such value shall be determined by the court in an action by either the dissenting shareholder or the corporation, and the corporation's existence shall be continued for that purpose.

B. Every shareholder shall be deemed to have consented to such method of conversion unless he gives written notice of dissent to the president, secretary or statutory agent of the corporation not later than two days after the consolidation meeting, and unless he commences an action in the superior court of the county in which the principal office of the corporation is located to fix the value of his shares, not later than thirty days after such meeting. After the hearing the court shall determine the value of the dissenting stock, and the corporation shall pay the owner the sum so determined within thirty days after final judgment, whereupon the stock shall be transferred to the corporation."

The defendants moved to dismiss the complaint on the ground that the plaintiffs had failed to allege voting at the January 4, 1974, stockholders' meeting to reject the merger proposal and that such failure extinguished their right to seek judicial valuation pursuant to A.R.S. § 10–347(B). We agree that we must consider as true all facts alleged in the complaint for purposes of testing the propriety of the order granting the motion to dismiss for failure to state a claim upon which relief can be granted. Davis v. State, 1 Ariz. App. 264, 401 P.2d 749 (1965). Statutory provisions defining the manner in which a dissenting stockholder must evidence his dissent from proposed corporate action are generally construed to be mandatory, and not merely directory, requirements which must be complied with or the stockholder

will lose his right to insist upon payment of the value of his stock. 19 Am.Jur.2d Corporations § 516, p. 54. As pointed out in 162 A.L.R. 1237 at 1239–1240:

"Although provisions of merger, consolidation, and reorganization statutes for payment of dissenting shareholders are to be literally construed in favor of such a shareholder, those provisions which define the manner in which a dissenting stockholder must make known his dissent from the plan of reorganization, consolidation, or merger, and make demand for the appraisal of his stock or the payment of the value to him, and particularly those who define the time within which his objections must be filed and suit brought are generally construed to be mandatory and not merely directory requirements, which must be complied with or the stockholder will lose his right to insist upon payment of the value of his stock."

The provisions of A.R.S. § 10–347(A) are clear and unambiguous. A shareholder, in order to be entitled to payment in cash of the fair value of his stock, must do two things: (1) vote to reject the agreement and (2) not consent to the agreed manner of converting the shares of stock. Thus we see that the legislature clearly intended affirmative action on the part of a shareholder as evidence of his rejection, i. e., expressing a "nay" vote. The statute does not contemplate inaction by declining to participate in the voting. Subsection B of A.R.S. § 10–347 as to the mode of expressing non-consent to the conversion method, the second prerequisite, does not even come into play unless a negative vote has been cast by the shareholder.

A shareholder must allege and prove that he voted against or dissented from the merger in question. 15 Fletcher Cyclopedia of Corporations, § 7165.3; Carl M. Loeb, Rhoades and Co. v. Hilton Hotels Corporation, 222 A.2d 789 (Del.1966). Plaintiffs failed to allege they voted against the merger as required by statute, a deficiency fatal to their claim.

In opposition to the motion to dismiss, plaintiff filed an affidavit executed by plaintiff-husband which recited inter alia:

"That I received and read the June 30, 1973 annual report of Old Tucson Development Co. and the Notice of Annual Meeting of Stockholders. That in reliance upon the instructions contained in the Notice of Annual Meeting of Stockholders I prepared a letter requesting that the corporation purchase my stock. On January 4, 1974 I attended the annual meeting of the stockholders and handed its secretary, RICHARD N. BILBY my protest to the proposed merger. Thereafter I attempted to perfect a sale of my shares.

\* \* \* \* \* \*

That in my letter I specifically opposed the proposed merger. The merger was carried out in spite of my opposition.

\* \* \* \* \* \*

I referred to the second paragraph in an attempt to receive cash for my shares of stock [a recitation of the second paragraph followed].

That I relied upon said provision and attempted to follow the guidelines set-forth by the corporation. As I read the provisions to object to the merger in their entirity [sic] it appeared to me that I could do three things to perfect an objection and preserve my right to receive cash, that is

1. Vote against the merger.
2. Give written notice of dissent two (2) days after the meeting.
3. Or in lieu of 1 and 2 to file an action in the Pima County Superior Court within thirty (30) days of the shareholders' meeting."

▪ We are unable to attribute to this affidavit the meaning that plaintiffs would have us do, namely, that a letter constituted a "vote" against the proposed merger. Mr. Waite, by his own admission, was present at the meeting and thus had an opportunity to vote. He was not prevented from doing so but merely elected what to

him appeared to be an alternative, a written "objection." In the case of F. S. Moseley & Co. v. Midland Ross Corporation, *179 A.2d 295* (Del.1962), the court held that a letter of transmittal to the effect that a proxy containing a vote against merger was enclosed did not constitute a written objection to merger as required by statute. We believe that plaintiffs' conduct is equally deficient.

Plaintiffs also argue that the defendants were estopped from claiming all of the statutory requirements had not been met because of a misleading statement in the instructions sent to plaintiffs. It is true, as plaintiffs point out, that these instructions indicate that "in order to perfect his right to receive cash, a dissenting shareholder is required to give written notice of dissent to the manner of conversion . . . not later than three days after the shareholders' meeting, *or* he may commence an action . . . ." We agree that the word "or" should have been "and." However, the following paragraph in the Notice specifically stated that these appraisal rights might be waived:

"The company interprets these provisions to mean that unless a shareholder votes against the proposed agreement of merger, he will have waived such appraisal rights as he may be entitled to."

If, as plaintiffs contend, they relied on these instructions, they merely misconstrued them, for the instructions are quite explicit as to the prerequisite of voting against the merger. Whether or not they were misled by the use of the word "or" instead of "and" is immaterial to the circumstances since plaintiffs failed to vote.

For the foregoing reasons, we find no error in granting the motion to dismiss.

Judgment affirmed.

HOWARD, J., and RUSKIN LINES, Superior Court Judge, concur.

NOTE:

KRUCKER, J., having requested that he be relieved from consideration of this mat-

ter. RUSKIN LINES, Superior Court Judge, was called to sit in his stead and participate in the determination of this decision.