529 P.2d 1205

Saul **GUERRERO** and Maria De Lourdes Guerrero, minors, by their Guardian Ad Litem, Teodoro Guerrero, Appellants,

v.

COPPER QUEEN HOSPITAL, a division of Phelps Dodge Corporation, a New York Corporation, ABC Corporation, Appellees. Jane Doe I through X, Individually, and as agents, employees or servants of the Copper Queen Hospital, a division of Phelps Dodge Corporation, a New York Corporation, ABC Corporation, Appellees.

No. 2 CA–CIV 1643.

Court of Appeals of Arizona, Division 2.

Dec. 19, 1974.

Rehearing Denied Jan. 29, 1975.

Review Granted March 11, 1975.

Law Offices of Ramon R. Alvarez by Ramon R. Alvarez, Douglas, for appellants.

Evans, Kitchel & Jenckes, P. C. by Leon D. Bess and David L. Beaugureau, Phoenix, for appellees.

OPINION

HATHAWAY, Chief Judge.

Appellants appeal from the granting of a motion to dismiss for failure to state a claim. We believe appellants did state a claim for which relief could be granted and we reverse.

The precise question involved is whether a privately-owned hospital is obligated to provide emergency care to all persons who present themselves at the facility for treatment.

Appellants are minors who were burned on February 10, 1972, in their home in Naco, Sonora, Mexico, and taken to the Cop-

per Queen Hospital, a private hospital operated by the Phelps Dodge Corporation in Bisbee, Arizona, where they were refused admission for emergency care as well as first aid care. They were then taken to the Cochise County Hospital in Douglas. The complaint alleges that the delay in treatment caused by the Copper Queen Hospital's refusal to treat them caused additional injury to appellants and prolonged their convalescence.

■ At common law, a private hospital owed the public no duty to accept any patient it did not desire nor was it required to give any reason for its refusal to do so. 41 C.J.S. Hospitals § 8, p. 345. The common law, except as modified by statute or as it becomes unsuited to local conditions, is in force in Arizona. Valley National Bank of Arizona v. Avco Development Co., 14 Ariz.App. 56, 480 P.2d 671 (1971); McClure v. Johnson, 50 Ariz. 76, 69 P.2d 573 (1937).

However, the problem we face may be one in which the appellees themselves chose to remove themselves from the ambit of protection afforded by the common law and therefore would be estopped to thereafter return to its safety. In appellants' first amended complaint, they allege, inter alia:

"IV.

On the 10th day of February, 1972, and for a considerable period of time before that date, the defendant COPPER QUEEN HOSPITAL maintained and operated emergency care facilities at the the COPPER QUEEN HOSPITAL.

V.

Said emergency care facilities were for the use and benefit of any individual seriously injured who required emergency care.

VI.

It had been the practice of the defendant COPPER QUEEN HOSPITAL to render emergency care or first aid to any member of the public who was seriously injured.

VII.

The general public as a matter of practice and custom knew and understood that emergency or first aid facilities were available at the COPPER QUEEN HOSPITAL to any member of the public up through and including the 10th day of February, 1972.

VIII.

The defendant COPPER QUEEN HOSPITAL held itself out and represented to the public up to and including the 10th day of February, 1972 that there were in fact first aid and/or emergency care facilities available at the COPPER QUEEN HOSPITAL to any member of the public who was seriously injured."

■ When reviewing a motion to dismiss for failure to state a claim, the allegations of the complaint will be construed in the light most favorable to the claimant. Davis v. State, 1 Ariz.App. 264, 401 P.2d 749 (1965). Applying this principle, we find that the allegations are sufficient to state a claim for, if proven, liability on the part of a private hospital may be predicated on the refusal of service to a patient in case of an unmistakable emergency, if the patient has relied upon a well-established custom of the hospital to render aid in such a case. Wilmington General Hospital v. Manlove, 54 Del. 10, 174 A.2d 135 (1961). Reliance was also a factor in Vanaman v. Milford Memorial Hospital, Inc., 272 A.2d 718 (Del.Supr.1970).

We should also point out that if the appellee hospital has been accredited by the Joint Commission on Hospital Accreditation, such commission requires that its accredited hospitals with emergency room facilities render emergency treatment to *all* who need it. It is arguable that by asking for and receiving accreditation, the hospital has undertaken a duty to the public, modifying the common law.

We find, then, that the motion to dismiss was improperly granted as the first amended complaint stated a claim upon which relief may be granted.

Reversed.

KRUCKER, and HOWARD, JJ., concur.