[Civil No. 4324. Filed January 20, 1941.]

[109 Pac. (2d) 618.]

COUNTY OF MARICOPA, a Body Politic and Corporate, and THE STATE OF ARIZONA, Appellants, v. ARIZONA TRACTOR AND EQUIPMENT COMPANY, a Corporation, Appellee.

Mr. Joe Conway, Attorney General, Mr. Earl Anderson, Assistant Attorney General, Mr. Richard F. Harless, County Attorney, and Mr. Leslie C. Hardy, Deputy County Attorney, for Appellants.

Mr. E. R. Thurman, for Appellee.

LOCKWOOD, C. J.—Arizona Tractor and Equipment Company, a corporation, hereinafter called plaintiff, brought suit in the superior court of Maricopa

county against the County of Maricopa and State of Arizona, hereinafter called defendants, for a declaratory judgment to ascertain against which, if any, of the parcels of real estate described in its complaint the lien of certain taxes levied against personal property owned by the plaintiff is impressed.

The facts of the case are not in dispute and may be stated as follows: Plaintiff, during the years 1931 to 1935, inclusive, owned certain separate parcels of real estate situated in Maricopa county, Arizona, and also a large amount of personal property. During these years it became indebted to defendants in the sum of $6,968.40 by reason of delinquent personal property taxes, interest and penalties for the years 1933 and 1934. Among the real property owned by it was lot 12 of Mitchell's addition to the city of Phoenix, and by February 1, 1938, there were on it delinquent real estate taxes in the sum of $98.81. The treasurer of Maricopa county noticed and advertised lot 12, *supra*, for sale for the collection of delinquent taxes, under article VIII of chapter 73, Arizona Code of 1939, and on February 1, 1938, no private bid having been made therefor, the lot was struck off to the State of Arizona for the amount of $7,067.21, being the real property tax against such lot plus all of the property tax above set forth, and a certificate of purchase was duly issued to the state, under the provisions of section 73–806, Arizona Code of 1939.

Defendants claim that the personal property taxes included in the amount of $7,067.21, for which lot 12, *supra*, was struck off to the State of Arizona, still remained as a lien on all the other real estate specified in the complaint, for the reason that such tax has never been paid. Plaintiff, however, contends that the striking off of lot 12 to the state, as aforesaid, for all of the real and personal property taxes above set forth, released its other real estate from the tax lien of

the personal property taxes. The evidence showed that it was the custom of the treasurer of Maricopa county, when there were a number of pieces of real estate assessed to the owner and also certain personal property taxes due from such owner, to assess the personal property tax against certain selected pieces of such real estate only, and not against all of the real estate of the taxpayer situated within the county, and, if the taxes were delinquent, at the tax sale made under article VIII, *supra*, to charge the entire personal property tax against such real estate only, and that this custom was followed in regard to the particular lot and personal property taxes referred to herein.

The question is one of considerable importance to the state, involving as it does its ability to collect a large portion of its personal property taxes. If the contention of plaintiff is correct, a taxpayer owning a number of parcels of real estate, and owing to the state thousands of dollars of personal property taxes, as in the present case, may have its entire personal property tax assessed against a piece of real estate of nominal value, and by it being struck off to the state, release the personal property tax lien on all its other real estate, even though the real estate sold may not be worth one-tenth of the tax, and since personal property taxes are not a charge against the owner, but against the property, and the proceeding to collect taxes is one *in rem,* the owner may thus write off nearly all of its personal property taxes. Whether this be true or not depends upon the statutes governing the assessment of taxes and their liens and the law of tax sales. Section 73–506, Arizona Code of 1939, sets forth the law in regard to the lien of taxes in Arizona, as follows:

"Lien for taxes—Liability of Property—Homestead exempt. Every tax levied under the authority of this chapter upon real or personal property shall

be a lien upon the property assessed. The lien shall attach on the first Monday in January in each year, and shall not be satisfied or removed until such taxes, penalties, charges and interest are all paid, or the property has finally vested in a purchaser under a sale for taxes. The lien shall be prior and superior to all other liens and encumbrances upon the property, except liens or encumbrances held by the state of Arizona. Personal property shall be liable for taxes levied on real property, and real property shall be liable for taxes levied on personal property, and a judgment against real property for nonpayment of taxes thereon or assessed to the personal property of the same person, shall not be prevented by showing that the owner thereof was possessed of personal property out of which the taxes could have been made; but real property occupied as a homestead shall not be charged for taxes other than the taxes due on such homestead.''

Sections 73–804 and 73–806, Arizona Code of 1939, describe the method enforcing the tax lien, and they read, respectively, so far as material to this case, as follows:

''Form of notice of sale. (a) All real property upon which the taxes, including personal property taxes secured thereby, are unpaid and delinquent, shall be subject to sale as herein provided. The county treasurer shall prepare a list of all real property upon which the taxes are unpaid and delinquent, . . . with an accompanying notice stating that so much of each tract of real property as may by him be deemed necessary for the purpose will, . . . be sold by him . . . for the taxes, penalties, interest, and charges thereon, and taxes, penalties, interest and charges assessed against the owner thereof for personal property. . . . ''

''Date of sale—Striking off property to state—Sale as one parcel. . . . on said day the county treasurer shall commence the sale of all real property described in such list. . . . If there be no bid for any tract offered, the county treasurer shall pass it over . . . until the county treasurer becomes satisfied that no more sales can be effected, when it shall be his duty to strike off to the state of Arizona the property remaining unsold for the amount of such taxes, interest,

penalties, and charges, and shall issue to the state of Arizona a certificate of purchase as provided in other cases. . . . ''

We have construed these sections in the case of *Home Owners' Loan Corp.* v. *City of Phoenix,* 51 Ariz. 455, 77 Pac. (2d) 818, 821, as follows: '

''Thus the realty is security for the personal property taxes. Property taxes are not a charge against the owner but against the property. The proceeding to collect taxes is one *in rem.* When the law makes one class of property security for taxes on another class and authorizes the property to be sold to satisfy the tax in case of delinquency, although it does not call the right given 'a lien' that is what it is in effect. So, when the Legislature provides, as it does in chapter 106, *supra,* that 'real property shall be liable for taxes levied on personal property,' and further provides that the taxing unit's remedy to collect such taxes is to condemn the security in judgment and sell it in satisfaction of the delinquent taxes, it would seem that it was intended that the taxing unit should have a lien upon the realty for the personal property tax.''

██ We think the only reasonable construction of these sections is that all of the real property owned by the taxpayer in the county, except his homestead, is liable for all of his personal property tax and the lien for such personal property tax attaches to each and every parcel of such real property. Such being the case, the taxing officers have no right nor authority to arbitrarily limit the personal property lien to any particular piece of real estate, and necessarily cannot release from the tax lien any of the real estate against which it has attached ''until such taxes, penalties, charges and interest are all paid, or the property has finally vested in a purchaser under a sale for taxes.'' Sec. 73–506, *supra.*

█ It is apparently the contention of plaintiff that, although admittedly the taxes, penalties, charges and

interest have not actually been paid, yet since the property was struck off to the State of Arizona for the amount thereof, the lien is removed by the express terms of the statute. We think plaintiff is correct in holding that the striking off of the property to the State of Arizona does release that particular piece of real estate from the lien of the taxes, if it is not redeemed, and the title finally vests in the state, but this has no effect upon any tax lien, whether for real or personal property taxes, on other pieces of real estate belonging to the same owner.

The situation is analogous to that of a blanket mortgage on a large number of pieces of property. The holder of the mortgage and the owner may, by agreement either set up in the mortgage or entered into thereafter, provide that certain action shall release a specified piece of property from the mortgage, but unless it is explicitly stated that all of the property is released, the effect of the release applies only to the one piece of property covered, leaving the mortgage lien in full effect as to the others.

We hold, therefore, that under the statute, the sale of one particular piece of real estate divests the tax lien of the state so far as that property is concerned, when the title thereto finally vests in a purchaser, be it the state or another, but that it does not and cannot affect the tax lien of the state on other pieces of property not included in the sale. The only thing that can release the personal property tax lien on such property is a sale thereof which includes the entire amount of the personal property taxes due, or an actual payment of all of such personal property taxes to the state, in which case of course the entire lien falls, just as would the lien of the mortgage in the illustration above given when the entire debt secured thereby has been paid. The only manner, therefore, in which plaintiff may clear the lien of the personal

property tax from the balance of its property is either by the final vesting of title under a tax sale of each piece of real property or by the payment to the state of the total amount of such taxes.

The judgment of the superior court of Maricopa county is reversed, and the case remanded with instructions to enter a declaratory judgment in accordance with the principles laid down herein.

McALISTER and ROSS, JJ., concur.