222 P.2d 791

## PACKARD CONTRACTING CO. v. ROBERTS.

No. 5215.

Supreme Court of Arizona.

Oct. 9, 1950.

Campbell, Rolle, Jones & Nabours, of Yuma, for appellant.

H. H. Baker, County Attorney, and William H. Westover, Special Deputy County Attorney, of Yuma, for appellee.

DE CONCINI, Justice.

Dale N. Roberts, the Yuma County Treasurer, hereinafter called the plaintiff, brought an action in the Superior Court for Yuma County against the Packard Contracting Company, a corporation, hereinafter called the defendant, for the collection of taxes upon personal property either owned by it or in its possession. The case was tried to the court sitting without a jury. From a judgment in favor of plaintiff, defendant appeals.

The defendant was engaged in road construction work in the State of Arizona. Certain machinery and equipment used by it in highway construction was brought to Yuma County in April, 1947. All of the said machinery with the exception of two items had been located in Cochise County during the latter part of 1946, and in the early part of 1947, until it was moved in April of 1947 to Yuma County. One cement mixer and one sheepsfoot roller had not been in Cochise County with the other machinery but was located in other parts of the state until brought to Yuma County in April, 1947.

On April 8, 1947 the Yuma County Assessor levied and assessed personal property taxes upon the property above mentioned in the amount of $1,374.00. The said assessment was brought to defendant's notice. On the last Monday of April, 1947, the county assessor certified the said assessment to the county board of supervisors as provided by statute. The board of supervisors sat as a board of equalization on personal property valuations on the first Monday of May, 1947, at which time no objection was made to the said assessment and consequently the said personal property taxes were placed upon the personal property tax rolls and delivered to the Yuma County Treasurer for collection. On August 11, 1947 the board of supervisors passed a resolution striking the said assessment from the tax rolls. On March 15, 1948 they rescinded their resolution of August 11, 1947. The treasurer again sought to collect the personal property tax, but did not succeed because the defendant had moved the property from Yuma County; hence this suit.

The record also discloses that in February, 1947, the Cochise County Assessor took assessment forms to the defendant's office just outside of Lowell, Arizona and

left the same with an employee of defendant. On April 2, 1947 the said county assessor wrote a letter to defendant notifying it of his intention to assess the property. On April 30, 1948 a representative of the defendant corporation visited the office of the Cochise County Assessor with a list of personal property and its valuation. The assessor accepted the taxpayer's listed valuation of the property and it was assessed on May 3, 1947. The property was then placed on the Cochise County tax roll. On June 17th and 18th, 1947, defendant paid taxes on all the said equipment except the cement mixer and sheepsfoot roller to the Cochise County Treasurer.

The trial court made several findings of fact and conclusions of law, gave judgment in favor of plaintiff and overruled defendant's motion for a new trial. Defendant appeals from the judgment and the order overruling his motion for a new trial. Defendant assigns several errors and raises four propositions of law. We shall not weigh the respective merits of each assignment of error or proposition of law individually but shall consider only the issues necessary to determine the merits of the appeal.

Defendant claims that the levy and assessment of personal property taxes by Yuma County upon the machinery was illegal and void for the following reasons: (1) Section 73-506, A.C.A. 1939, provides that tax lien in favor of the county shall attach to property located in that county on the first Monday of January, and (2) Since Cochise County had the prior right to collect the taxes, the subsequent attempt by Yuma County to collect them is a violation of the statutory prohibition against double taxation. We are unable to accept defendant's reasoning and hold that the tax assessed by the Yuma County Assessor was valid.

■ The defendant's entire case is dependent upon the applicability of section 73-506, A.C.A. 1939, to the property here taxed under and by virtue of Chapter 73, Article 18, Ch. 94, Session Laws of 1945. Our determination is therefore dependent upon the construction we place upon the pertinent provisions of said Chapter 73, as amended. It specifically provides for the taxation of the personalty of any person not owning real estate within the county of $200.00 value. The act refers to this personalty as unsecured personal property. When the said Article 18 of Chapter 73, A.C.A. 1939, was enacted, section 73-506, supra, had been in full force and effect for many years. Said section 73-506 applied to all property both real and personal. When Article 18, as it now exists, was passed by our Legislature in 1945, the obvious intent was to provide a better method of reaching unsecured personal property for purposes of taxation. The pertinent part of these provisions are as follows: Section 73-1820, A.C.A. 1939 Supp., provides in part, "The duty of the county assessor to assess such property shall con-

tinue throughout the year." Section 73-1825, A.C.A. 1939, dealing with the collection of the tax by the county treasurer provides in part, "Not later than the second Monday in each month the county treasurer shall have the unsecured personal property tax roll of the preceding month available, at which time the taxes as indicated in said roll shall be due and payable and shall be considered delinquent thirty (30) days thereafter." Hence it may easily be seen that the Legislature intended to treat the taxation of this unsecured personal property differently than secured personal property or real property. That part of section 73-506, supra, which defendant is attempting to apply here reads as follows: "Every tax levied under the authority of this chapter upon real or personal property shall be a lien upon the property assessed. The lien shall attach on the first Monday in January in each year, and shall not be satisfied or removed until such taxes, penalties, charges and interest are all paid, or the property has finally vested in a purchaser under a sale for taxes. * * *"

Section 73-1830, of Article 18, Chapter 73, as passed in 1945 provides as follows: "73-1830. Lien of taxes.—The tax levied against such personal property shall be a first and prior lien against said property, prior and superior to any and all other liens of every kind and description regardless of when such other lien shall have attached and said lien for taxes shall not be discharged until said taxes are paid or the title to said property vests in a purchaser of said property for said taxes."

It is apparent that the Legislature in enacting sections 73-1820 to 73-1835, A.C.A. 1939, intended to change the manner of assessing and collecting taxes upon unsecured personal property. Therefore section 73-506, supra, dealing with tax liens applies only to real property and secured personal property.

Section 73-1830, supra, which now governs the matter of tax liens against unsecured personalty is silent as to when such tax lien attaches. We must therefore look to the general law on the subject to ascertain when the tax lien attaches. We hold that in the absence of a statutory provision dealing therewith, the tax lien attaches to unsecured personal property assessed as of the time that the amount of the tax is ascertained and assessed.

Defendant's contention and interpretation would require us to hold that when personal property is located in one county on the first Monday in January, it cannot be taxed in another county, where it may be subsequently situated, regardless of whether or not the first county assessed a tax upon the property. This would result in creating a condition precedent which the statute does not contemplate, namely, that before a county has the power to tax personal property, it must be in the county on a certain date, to wit: the first of the year. Such an interpretation is untenable.

Defendant's contention does not consider other statutory provisions. Section 73-1820, supra, orders the county assessor to assess personal property throughout the year whenever it is discovered. Furthermore, section 73-1833, A.C.A. 1939, authorized taxation of transient property used in business or commerce within the state wherever found. The defendant is a corporation, which is engaged in road construction work and whose property is constantly moved from county to county as needed in various construction jobs throughout the state, consequently it is logical to assume that the machinery involved herein is "transient property which is used in business or commerce within the state".

We hold that Cochise County had no valid or existing lien upon the property with which we are here concerned at the time that the Yuma County assessment was made and completed. Therefore the defendant in paying the tax to Cochise County was a mere volunteer. Its duty was to pay the tax where it was first assessed and levied. For this reason the general statutory prohibition against double taxation in section 73-201, A.C.A. 1939, is not applicable.

Defendant further contends that the action of the Yuma County Board of Supervisors in passing the August 11th resolution irrevocably struck the tax assessment from the tax rolls so that the resolution of March 15, 1948, which attempted to rescind the first resolution was ineffectual. This contention has no merit. The law in this state is well settled to the effect that taxes are liens upon the property assessed until paid. There is no way to discharge a tax lien except by payment or sale of the property for taxes. Ingraham v. Forman, 49 Ariz. 29, 63 P.2d 998; Maricopa County v. Arizona Tractor & Equipment Co., 56 Ariz. 518, 109 P.2d 618; Linville v. Cheney, 60 Ariz. 325, 137 P.2d 395. The board of supervisors has only the power with respect to the assessment of taxes given it by the Legislature. The action of the board of supervisors on August 11, 1947 striking the assessment from the tax rolls was a nullity whether they did it as the board of supervisors or as a board of equalization because the assessment was a valid assessment. The board has no power to strike a valid assessment in either capacity, but it does have the power to change and equalize assessments on the first Monday of each month as provided by section 73-1823, A.C.A. 1939.

Furthermore, the record discloses that two pieces of machinery, namely, a cement mixer and a sheepsfoot roller, were never in Cochise County nor taxed by Cochise County or any other county. Therefore Yuma County could properly assess this personalty and the county assessor did legally do so.

Judgment affirmed.

LA PRADE, C. J., and UDALL, STANFORD, and PHELPS, JJ., concurring.