## In re ECOLOGY PAPER PRODUCTS CO., Debtor.

**Bankruptcy No. B–78–2149–PHX–RGM.**

United States Bankruptcy Court,
D. Arizona.

Jan. 26, 1982.

Roderick D. MacMillan, Deputy County Atty., Phoenix, Ariz., for creditor, County of Maricopa.

Powell B. Gillenwater, Phoenix, Ariz., for trustee.

Thayer C. Lindauer, Phoenix, Ariz., for debtor.

## OPINION AND ORDER

ROBERT G. MOOREMAN, Bankruptcy Judge.

This matter comes before the court in the context of a Chapter X petition under the Old Bankruptcy Act filed on behalf of the debtor, Ecology Paper Products, on November 8, 1978.

The Trustee has objected to the payment of post-petition interest on certain *personal property* tax claims filed by Maricopa County. While the Trustee has agreed to pay the base tax of $17,419.70 on such claims, he objects to the payment of post-petition interest on the basis that the claims are invalid as to a Trustee under Section 67(c)(1)(B) of the Old Bankruptcy Act. This section states:

(1) The following liens shall be invalid against the trustee:

(B) every statutory lien which is not perfected or enforceable at the date of bankruptcy against one acquiring the rights of a bona fide purchaser from the debtor on that date, whether or not such purchaser exists: . . . .

Maricopa County responds to the Trustee's objection by relying on Arizona Revised Statute § 42–609 which states:

*The tax levied against personal property* shall be a lien against the property, prior and superior to any and all other liens of every kind and description regardless of when another lien attached. The lien shall not be discharged until the taxes are paid or the title to the property vests in a purchaser of the property for the taxes. (Emphasis added.)

Based on this statute, Maricopa County contends that its lien claim satisfies the bona fide purchaser test of Section 67(c)(1)(B) of the Old Bankruptcy Act. Thus the question to be decided by the bankruptcy court is whether the county has perfected its liens for personal property taxes prior to the date of the filing of the petition in bankruptcy as against a bona fide purchaser.

In applying the bona fide purchaser test, this court looks to state law in order to determine the degree of perfection of the tax lien in question. *In re Higgins*, 304 F.Supp. 108 (D.C.S.Dak.1969); 4 *Collier on Bankruptcy*, ¶ 67.281[2.2] (14th Ed.)

At the hearing on the issues raised here, the court referred to the case of *In re Cummins*, 656 F.2d 1262, 7 B.C.D. 833 as a possible source of guidance in this matter. In that case, the Ninth Circuit Court of Appeals questioned a lien created by California statute. However, the relevant California statutes specifically stated that such liens were not valid against a purchaser without notice. Such is not the case in the instant situation.

Arizona case law does not provide an interpretation of A.R.S. § 42–609 with reference to the rights of a bona fide purchaser. However, a plain reading of the statute evidences a legislative intent to create a lien with the highest priority.

The Trustee contends that it was the intent of Congress in enacting Section 67(c)(1)(B) to invalidate tax liens that were imposed absent actual seizure or possession

of the property or some other procedure which would provide constructive notice to a bona fide purchaser. It is alleged by the Trustee that absent such constructive notice, the Arizona statutes allow the creation and enforcement of statutory liens in violation of constitutional precepts of due process. The legislative history underlying the 1966 amendments to Section 67 of the Old Bankruptcy Act reveals an intent to do away with any requirement of possession in invalidating statutory liens. The history states in part:

> To insure the supremacy of the order of distribution provided in the Bankruptcy Act insofar as it is consistent with the continued recognition of genuine lien interests, this bill would eliminate lack of possession of personal property as the standard for upsetting liens and would instead invalidate as against the trustee * * *:
>
> (2) Every statutory lien not perfected at the date of bankruptcy as against a subsequent bona fide purchaser from the debtor on that date. Senate Report No. 1159, 2 U.S.Code Cong. and Adm.News, pp. 2442, 2460–2464, 89th Congress (Second Sess. 1966).

■ Thus it appears clear that any requirement of seizure or possession in order to make a statutory lien valid against a trustee was specifically eliminated by Congress and the bona fide purchaser test was chosen as the proper criteria for scrutinizing statutory liens.

■ It has been emphasized by Maricopa County that the tax rolls for real or personal property are a public record and as such, are available to inspection by any interested person. From time to time, taxpayers, employees from title insurance companies, and other interested persons inspect the personal and real property tax rolls, or phone in inquiries regarding them to the office of the County Treasurer. Such public access to the tax rolls provides the same degree of constructive notice to a purchaser as would be the case if the rolls were actually filed with the County Recorder. Considering these facts, the court finds and holds that

the state statutes are not incompatible with constitutional precepts of due process as alleged.

This decision is guided by the "Federal Rule" regarding the perfection of liens as reiterated in *United States v. Pioneer American Insurance Co.,* 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963), that liens are:

> ... perfected in the sense that there is nothing to be done to have a choate lien—when the identity of the lienor, the property subject to the lien, and the amount of the lien are established.

The record supports the facts that these requirements are met here.

■ By statute, every tax levied upon real and personal property constitutes a lien upon the property assessed. A.R.S. § 42–312(A). A lien remains inchoate until the governing body of each county levies the tax, which occurs on or before the third Monday in August of each year. When the Board of Supervisors extend and levy the tax on the *personal property* tax roll, *eo instanti,* the lien attaches to that property. *Packard Contracting Co. v. Roberts,* 70 Ariz. 411, 222 P.2d 791 (1950). Perfection of the lien becomes complete at that point.

An analogous situation was presented in the case of *In re Regal Petroleum Products Company,* 287 F.Supp. 458 (D.C.Penn.1968). There the District Court held that a statutory lien for corporate taxes was enforceable against a trustee in bankruptcy. The relevant Pennsylvania statute made such liens enforceable "from the date of settlement, assessment or determination." Pennsylvania case law was relied on by the court in concluding that the statutory lien in question was valid against a bona fide purchaser, and therefore the lien was held to be enforceable against the Trustee.

■ The same conclusion is reached in the case at bar, in holding that the statutory lien created under A.R.S. § 42–609 is valid as against a bona fide purchaser, and is therefore enforceable against the Trustee. This result is also supported by 11 U.S.C. § 545 of the new Bankruptcy Code.

As suggested in the Trustee's memorandum, while not applicable to the case at bar, we feel it important to note that Congress has now adopted the bona fide purchaser test as follows:

> The trustee may avoid the fixing of a statutory lien on property of the debtor the extent that such lien—
>
> (2) is not perfected or enforceable on the date of the filing of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition, whether or not such a purchaser exists; . . . .

In doing so, Congress apparently felt it unnecessary to provide any additional or specific requirement of actual notice, possession or seizure in order to make a statutory lien valid against a Trustee.

This being the case, the court concludes that Maricopa County is entitled to post-petition interest on its personal property tax claims, in addition to the principal amount of $17,419.70 as previously stated.

No evidence has been presented to indicate that the tax lien recognized here was accompanied by possession or seizure of the personal property covered by the lien. Therefore, the above payments should then be made in accordance with Section 67(c)(3) of the Old Bankruptcy Act thereby postponing and subordinating such payment to the debts specified in Section 64(a), clauses (1) and (2) with reference to expenses and costs of administration and any applicable wages and commissions.

Pursuant to FRCP 52, as adopted by Rule 752 of the Rules of Bankruptcy Procedure, this opinion and order shall constitute findings of fact and conclusions of law herein.